UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED; RPOST COMMUNICATIONS LIMITED; and RPOST HOLDINGS, INC., | Civil Action No. 11-cv-299TJW |
| Plaintiffs, | Hon. T. John Ward |
| v. | |
| DOCUSIGN, INC., a Washington corporation, | |
| Defendant. | |

## DOCUSIGN'S MOTION TO TRANSFER

Defendant DocuSign, Inc. ("DocuSign") hereby moves for an order transferring this action to the Western District of Washington at Seattle pursuant to 28 U.S.C. §1404. The Plaintiffs RMail Limited ("RMail"), Rpost Communications Limited ("RPC") and RPost Holdings, Inc. ("RPH") have no meaningful ties to this district, and this action should be transferred for the convenience of the parties and the witnesses and in the interests of justice.

### I.    INTRODUCTION AND BACKGROUND FACTS

This action has no connection with the state of Texas and should be transferred to a forum that is more convenient for the parties and the witnesses, in the interest of justice. In the complaint, the plaintiffs indicate that two of the three plaintiffs have no connection whatsoever with Texas. Both RMail Limited and RPost Communications Limited are described as corporations organized under the laws of Bermuda. With respect to each of these two plaintiffs, the complaint does not mention a place of business at all, and surely there is none in Texas.

For the final plaintiff, RPost Holdings, Inc., the complaint indicates that the party is a Delaware corporation having a "place of business" (but not a *principal* place of business) in Plano, Texas. But the complaint does not mention an address for that alleged place of business,

and DocuSign's investigation indicates that there is no genuine place of business in Texas. Rather, RPost has hastily arranged for a virtual office in Plano, Texas that serves no other purpose than to provide an argument supporting venue here. Even RPost's current Internet site listing its United States offices does not mention any office located in Texas apart from a hasty general reference on the home webpage. Instead, the data specific webpage states that the United States headquarters is located in Los Angeles and the only other office is in Boston.

By contrast, DocuSign is a Washington company with its principal offices in Seattle. DocuSign has its records and files located in Seattle, and the company personnel likely to have information on issues relevant to this action are located in the Seattle area. Considering the relative locations of the parties, and the additional factors in the interest of justice as discussed further below, this action should be transferred to Seattle.

## II.      THIS ACTION SHOULD BE TRANSFERRED

### A.      THE STANDARD FOR TRANSFER UNDER SECTION 1404

Under 28 U.S.C. §1404, this action may be transferred for the convenience of the parties and witnesses, in the interest of justice, to any other district where it might have been brought. As an initial matter, there can be no dispute that the case could have been brought in the Western District of Washington, where DocuSign seeks to have it transferred. Indeed, the complaint in this action alleges that DocuSign is a Washington corporation having a principal place of business in Seattle, Washington. (Dk. #1 ¶5) Undoubtedly this action could have been filed in Washington in the first place.

Once it is clear that the action could have been brought in the Western District of Washington, the inquiry requires DocuSign to establish that the transferee venue is clearly more convenient than the venue chosen by the Plaintiffs. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008). The Fifth Circuit evaluates "public" and "private" factors as part of this inquiry, in which the **private factors** include:

(1)     the relative ease of access to sources of proof;

(2)     the availability of compulsory process to secure attendance of witnesses;

(3)     the cost of attendance for willing witnesses; and

(4)     all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The **public factors** include:

(1)     the administrative difficulties from court congestion;

(2)     the local interest in having localized interests decided at home;

(3)     the familiarity of the forum with the law that will govern the case; and

(4)     the avoidance of unnecessary problems of conflict of laws with the application of foreign law. *Id.*

The plaintiff's right to choose a forum is accounted for by placing the burden of transfer on the moving party. *TechRadium, Inc. v. AtHoc, Inc.*, 2010 USDistLEXIS 42114 (E.D. Tex., April 29, 2010) (*citing In re Volkswagen of Am., Inc.*, 545 F.3d at 315). Although some deference is afforded to the plaintiff's choice of forum through the burden placed on the party seeking transfer, when the plaintiff's choice is not its home forum the presumption applies with less force. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 167 L.Ed.2d 15 (2007); *In re Horseshoe Entm't.*, 337 F.3d 429, 434-35 (5th Cir. 2003). "Transfer is appropriate when a plaintiff chooses a forum other than his home forum and is unable to offer any specific reasons of convenience supporting his choice." *J&J Sports Prods. v. Riviera*, 2010 U.S. Dist. LEXIS 89484 (S.D. Tex., August 30, 2010).

**B.     THE PRIVATE FACTORS FAVOR TRANSFER**

The private factors collectively favor transfer. As explained below, there is no evidence and there are no witnesses that are located in this district. Consequently, it would be much more convenient overall if the case is transferred.

## 1.    *The relative ease of access to sources of proof*

This first factor greatly favors transfer. As alleged in the complaint, plaintiffs RMail and RPC are Bermuda corporations having no connection with Texas at all. The complaint alleges that each is a corporation organized under the laws of the Nation of Bermuda, and does not mention any place of business anywhere within the United States, let alone Texas. Plainly there is no distinction between Seattle and Texas for a plaintiff located in Bermuda.

Plaintiff RPost alleges that it is a Delaware corporation "having a business office in Plano, Texas." (Dk. #1 ¶4) Although the complaint states that RPost has a business office in Plano, its current data specific webpage describing company locations makes no mention of it. Rather, it states that the U.S. headquarters is located in Los Angeles and further lists Boston as the only other U.S. location. (Joy Dec. ¶ 7, Exs. C & D)

In the complaint, RPost alleges that it has "a business office" and not a "principal place of business" in Plano. The fact that a plaintiff would choose to file an action in a location other than its own principal place of business or that of the defendant raises a strong inference of forum shopping. In this case, RPost does not actually state in the complaint where the alleged business office is located. Upon investigation, DocuSign has learned that the RPost business office is nothing more than a virtual footprint created solely to provide a flimsy basis for venue. While the plaintiffs failed to provide any alleged Plano business address in the complaint in this case, according to the complaint they recently filed against Adobe in this jurisdiction the business office for RPost is at 555 Republic Drive # 200, Plano, Texas 75074. (Lowe Dec. ¶ 2 & Ex. A ¶ 4) That location is a "virtual office" location in Plano, operated by an entity that provides an address and occasional use of facilities as needed. (Joy Dec. ¶¶ 4-6, Exs. A & B) RPost has no personnel located at that office, and does no actual day-to-day business at that address or anywhere else in Texas. Quite clearly, Rpost secured a virtual office address in order to provide an argument it hoped would support venue in Texas.

With regard to sources of proof, none of the plaintiffs maintain any offices in Texas, and none appear to maintain any records, files, or any other tangible evidence in Texas. Likewise, none of the plaintiffs have any officers, directors, or employees that either reside or work in Texas. To the extent RPost could identify any related personnel having any connection to Texas, by all appearances none have any knowledge making them relevant to this action. To the contrary, because the RPost headquarters is in Los Angeles, the vast majority of the evidence RPost would rely on would be located there. As far as DocuSign is aware, there is literally no evidence in Texas and there are no witnesses with any relevant knowledge who reside in Texas.

On the other hand, DocuSign is a Washington corporation with its principal place of business in Seattle, within the Western District of Washington. DocuSign's key employees having knowledge of issues related to this action are in Washington, as are its records relating to the development, advertising and sale of the accused products and services. DocuSign's Chief Technology Officer and Vice President of Engineering, along with the engineering, development, operations and professional staff supporting the accused products and services are located in Washington, as are sales and accounting department financial documents. (Moyle Dec. ¶ 2) DocuSign is not aware of any persons in Texas who may be called upon to testify in this action. (*Id.* ¶ 3)

Because the plaintiffs are not located in Texas they have no evidence or witnesses located here. As a company headquartered in Los Angeles, all, or virtually all, of the plaintiffs' evidence is located there. Accordingly, the vast majority of the evidence in this action is located in Seattle, and access to all related records and witness testimony will be much easier if the action is transferred there.

### 2.   *The availability of compulsory process to compel witness attendance*

DocuSign is not aware of any third party witnesses residing in Texas that would make the availability of compulsory process in Texas relevant. (*Id.*) On the face of the patents, the inventors are listed as residing in Illinois and in California. The prosecution histories for the

asserted patents likewise include attorneys located in Chicago and Los Angeles, but none in Texas. DocuSign is not presently aware of any other witnesses located in Texas. (*Id.*) Because DocuSign is located in Washington this factor is either neutral or favors transfer to Washington.

### 3.      *The cost of attendance for willing witnesses*

This factor greatly favors transfer to Washington. Because none of the parties or third party witnesses are located in Texas, literally every single witness must incur the expense of traveling to get to Texas for trial or trial-related events such as hearings, motions, or claim construction. The cost is uncertain at this early stage, but is likely to be significant and will adversely affect DocuSign to the extent such witnesses must travel to Texas for trial. On the other hand, moving this case to Seattle will greatly reduce the cost for DocuSign and its witnesses without affecting the plaintiffs in any way. Accordingly, this factor greatly weighs in favor of transfer.

### 4.      *Other practical considerations*

At this time DocuSign is unaware of any practical problems that would arise from transferring or retaining this case, making this factor neutral.

### C.      THE PUBLIC FACTORS FAVOR TRANSFER

### 1.      *The administrative difficulties of court congestion*

The overall congestion of the courts in the Eastern District of Texas as compared to the Western District of Washington also favors transfer. In the most recently available statistics for the judicial caseload profiles, judges in this district averaged 512 pending cases per judgeship, with median times of 9.5 months from filing to disposition and 24.0 months from filing to trial in civil cases. (Lowe Dec. ¶ 3 & Ex. B). By comparison, in the Western District of Washington there were an average of 401 pending cases per judgeship, with median times of 7.3 months from filing to disposition and 19.0 months from filing to trial. (*Id.* ¶ 4 & Ex. C). Overall, this district has 25% more pending cases per judgeship, leading to a time from filing to trial that is five

months longer on average. The prospect of a speedier trial in a less congested court weighs in favor of transfer.

### 2.   *The local interest in having localized interests decided at home*

This second public factor also favors transfer. This is not a case in which a Texas company seeks to assert a claim in its home forum. Quite the opposite, it is a case in which a group of foreign companies and a Los Angeles-based company have rented a virtual office space in Texas as a blatant act of forum shopping. There is no reason why Texas should be concerned about an action between two Bermuda companies and a Los Angeles company on one side against a Seattle company on the other. Texas simply has no interest in this case whatsoever: the plaintiffs are not located in Texas, the inventors do not reside in Texas, the patents were not prosecuted by Texas attorneys, and the defendant is not located in Texas. Conversely, Seattle would have a strong interest in deciding an action involving a Seattle company, and this factor also favors transfer. As noted above, "transfer is appropriate when a plaintiff chooses a forum other than his home forum and is unable to offer any specific reasons of convenience supporting his choice." *J&J Sports*, 2010 U.S. Dist. LEXIS 89484. In this case there are no convenience based reasons supporting the choice of Texas, nor is there any local interest in deciding this case here

### 3.   *The familiarity of the forum with the law that will govern the case*

This Court and the Western District of Washington are equally capable of deciding a patent infringement action, making this factor neutral.

### 4.   *The avoidance of conflicts of laws*

There are no claims asserted that would implicate conflict of laws questions, making this factor neutral.

## III.   CONCLUSION

For the convenience of the witnesses and the parties, in the interest of justice, this action should be transferred to the Western District of Washington at Seattle where it could have been

brought in the first instance. The parties are not located here, the witnesses are not located here, the files are not located here, there is no local interest in the action, and the parties will get a speedier trial through transfer. Particularly in view of the forum-shopping that drove this choice of forum, this action should be transferred.

RESPECTFULLY SUBMITTED this 29th day of July, 2011.

<div style="margin-left: 40%">

Respectfully submitted,

s/ David A. Lowe, (Admitted *Pro Hac Vice)*
Washington State Bar No. 24453
David A. Lowe
BLACK LOWE & GRAHAM^PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301
Email: lowe@blgip.com

Jose C. Villarreal
Texas State Bar 24003113
WILSON SONSINI GOODRICH & ROSATI PC
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746
T: 512.338.5400
F: 512.338.5499
Email: jvillarreal@wsgr.com

Attorneys for Defendant DocuSign, Inc.

</div>

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Winston O. Huff
Navaro Huff PLLC
302 N. Market Street, Suite 450
Dallas, TX 75202
T: 204.749.1220
F: 204.749.1223

Lewis E Hudnell, III
Hudnell Law Group P.C.
244 Fifth Avenue, Suite 240 H
New York, NY 10001
T: 347.855.4772
F: 347.772.3034

s/ Sarah Gist

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Plaintiff has indicated their intention to oppose the motion. Counsel for the parties, including David A. Lowe and Jose Villarreal on behalf of Defendant and Lewis Hudnell on behalf of Plaintiffs, via telephonic conference on July 26, 2011. No agreement was reached due to the fact that Plaintiffs were unwilling to stipulate to transfer of this case to the Western District of Washington. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

s/ David A. Lowe, (Admitted *Pro Hac Vice)*
Washington State Bar No. 24453
David A. Lowe
BLACK LOWE & GRAHAM[PLLC]
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301
Email: lowe@blgip.com