## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **RMAIL LTD., ET AL.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **CAUSE NO. 2:11-CV-299-JRG** |
| | § | |
| **DOCUSIGN, INC.,** | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant DocuSign, Inc.'s Motion to Transfer Venue to the to Western District of Washington ("WDWA") (Dkt. No. 5), filed July 29, 2011.  The Plaintiffs RMail Ltd. ("RMail"), RPost Communications Ltd. ("RPC") and RPost Holdings, Inc. ("RPH") (collectively, "the Plaintiffs") oppose Defendant's efforts to transfer this action.  The Court, having considered the same, hereby DENIES the Motion to Transfer Venue and finds that the balance of private and public interest factors do not demonstrate that the transferee forum is "clearly more convenient" than the present venue.  *See In re Nintendo Co.*, 589 F.3d 1194, 1197-98 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

### I.      INTRODUCTION

On June 24, 2011, Plaintiffs filed a complaint against Defendant, alleging patent infringement of four United States patents (the "patents-in-suit").  In addition to the present action, Plaintiffs have filed 10 other actions now pending in the Eastern District of Texas ("EDTX"), three of which involve the same patents-in-suit.

Plaintiffs RMail and RPC are corporations organized under the laws of Bermuda. Plaintiff RPH is a Delaware corporation and has offices in Los Angeles, California; Boston, Massachusetts; and Plano, Texas.   Plano, Texas is located within the EDTX.   RPH's Vice President of Marketing has been identified by Plaintiffs as a fact witness and he works in the company's Plano office.   One of RPH's directors resides nearby in Dallas, Texas (within the Northern District of Texas).   Defendant is a Washington corporation with its principal place of business in Seattle, Washington, which is located within the WDWA.

## II.   LEGAL STANDARD

Transfer of venue is governed by 28 U.S.C § 1404(a).   Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."   28 U.S.C. § 1404(a).   But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff.   *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

A threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district.   *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004).   If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district.   Id.   In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight.   Id.   The "private" interest factors include: "(1) the cost of attendance for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses;

and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.  The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

## III.   ANALYSIS

### a.  Proper Venue

As a threshold matter, the Court must first determine if venue is proper in the WDWA. Plaintiffs do not dispute that Defendant has customers throughout the United States, and that the action could have initially been brought in the WDWA.  Accordingly, this Court finds that such threshold test has been met and the Court now moves to consider the private and public factors noted above.

### b.  Plaintiff RPH's Presence in Texas

The Court will also address whether Plaintiff RPH's Plano Office was established to manipulate venue, and thus, cannot be considered in this Court's analysis.  The Defendant implicitly argues that RPH's office location in Plano, Texas (within the EDTX) should not factor into the transfer analysis because it is nothing more than a legal fiction.  *See In re Zimmer, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010); *In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011).  The relevant question here is whether RPH's presence in Plano, Texas is "ephemeral."  *See Novelpoint Learning LLC v. Leapfrog Enterprises, Inc.*, No. 6:10-cv-229-JDL, 2010 WL

3

5068146, at *4 (E.D. Tex. Dec. 6, 2010).  One court in this District has stated that "the Federal Circuit has concluded that an entity that does not have (1) employees in the transferor forum; (2) principals that reside in the transferor forum; or (3) research and development-type activities in the transferor forum is an 'ephemeral' entity."  *Id.*  (citing *In re Zimmer*, 609 F.3d at 1381). While current Fifth and Federal Circuit case law on this issue does not establish a bright-line rule, it is clear that the Circuit Courts seriously consider allegations that a party has engaged in venue manipulation, as illustrated in *In re Zimmer*, having an illusory office in the transferor district or, as in *In re Microsoft*, incorporating under the laws of the state in which the transferor district lied merely sixteen days before filing the lawsuit.  *In re Zimmer*, 609 F.3d at 1381; *In re Microsoft*, 630 F.3d at 1364-65.

Here, RPH's Vice President of Marketing is a full-time employee in the entity's Plano office, within the EDTX.  Further, RPH established its Plano location February 2011 – four months before filing this action in the EDTX.  Accordingly, this Court finds that RPH's Plano location is legitimate and was not created to manipulate venue.

### c.  Private Interest Factors

#### i.  Cost of Attendance for Willing Witnesses

Here, the Court must weigh the cost for witnesses to travel and attend trial in the EDTX versus the WDWA.  "The convenience of the witnesses is probably the single most important factor in a transfer analysis."  *In re Genentech, Inc.*, 556 F.3d at 1342.  The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.  Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

4

*Volkswagen I*, 371 F.3d at 205.  Although the court must consider the convenience of both the party and non-party witnesses, "it is the convenience of non-party witnesses…that is the more important factor and is accorded greater weight in a transfer of venue analysis."  *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000); *see also id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

Plaintiffs identify several Texas-based customers of Defendant who may testify regarding infringement and damages, as well as two prior-art witnesses located in Texas.  Additionally, Plaintiff RPH's Vice President of Marketing, located within the EDTX, is designated to testify regarding damages.  Defendant argues that most of the witnesses providing <u>relevant</u> testimony will travel to the EDTX from California and Washington.  Defendant argues that the Texas-based witnesses identified by Plaintiff will not provide <u>relevant</u> testimony.

The parties also dispute whether travel time and cost for the witnesses is clearly more convenient to Seattle, Washington than Marshall, Texas.  Defendant argues that travel to Seattle will require less time and money for most witnesses, claiming that travel from Los Angeles to Seattle is about 5 hours and costs approximately $220 while travel from Los Angeles to Marshall is about 10 hours and costs approximately $400-$700.  Further, Defendant states that travel from Seattle to Marshall is about 11 hours and costs approximately $500-$800.  Plaintiffs aruge that travel for Defendant's witnesses in Seattle is the only relevant factor, and travel for Plaintiffs' Los Angeles-based witnesses is irrelevant as the venue statute is designed to protect the defendant from an inconvenient forum.   Plaintiffs also argue that Defendant overstates the time and expense of travel to Marshall.  According to Plaintiffs' calculations, travel from Seattle to Marshall is 6 ½ hours and not 11 hours as alleged by Defendants.

The Court views any difference in travel from Los Angeles to Seattle, Washington when compared with travel from Los Angeles to Marshall, Texas as substantially insignificant.  While the Court recognizes that there are physical differences in such travel, as highlighted above, the Court also recognizes that travel time and cost often vary significantly depending upon when travel is considered, booked, and what resources were used to conduct the same.  Accordingly, for those witnesses traveling from Los Angeles, travel to Marshall is no less convenient than travel to Seattle.

Next, Defendant seems to argue that because the witnesses identified by Plaintiffs will not, in Defendant's view, provide "relevant" testimony, they are somehow less important to this Court's venue analysis.  Plaintiffs have identified a number of witnesses located in Texas who are designated to testify in this trial.  Such testimony will speak to both invalidity and damages.  Regardless of the ultimate weight that a fact-finder may or may not accord such witnesses at the trial-in-chief, their status in the Court's venue analysis is not altered because the moving Defendant claims their future testimony is irrelevant.  Such aspersions directed at Plaintiffs' identified witnesses cannot properly draw the Court into a speculative discounting of their value for venue analysis purposes.

It is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis.  *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000).  While many third-party witnesses will travel from locations all over the country, including California and Washington, there are identified third-party witnesses located in Texas.  Importantly, the inventors and attorneys who prosecuted the patents-in-suit are located in Illinois, which is arguably less convenient to Washington than Texas.  Further, inventors of prior art identified as witnesses are located throughout the country,

6

with a distinct concentration on the East Coast.  Additionally, some are located in Texas. Notably, Defendant has yet to identify any third-party, prior-art witnesses who reside in the WDWA or elsewhere in the state of Washington.

While the Court recognizes that a number of witnesses will travel from Washington to Texas, such travel does not transform Washington into a "clearly more convenient" forum. Many witnesses will travel from states such as California, Illinois, and from the Eastern Seaboard.  All are equally as convenient to Texas as Washington or more convenient to Texas and this district.  None are more convenient to Washington.  Accordingly, the Court finds this factor weighs slightly against transfer.

ii.  *Relative East of Access to Sources of Proof*

The relative ease of access to sources of proof is the next "private" interest factor to consider.  Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be a material private interest factor. *See Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321.  Indeed, the Federal Circuit counsels that an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases.  *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

Many of Defendant's witnesses and documents relating to the development, advertising and sale of the accused products and services are located in Washington.  Defendant notes that its fundamental design and development documents, source code, customer information and sales documents are maintained on Defendant's servers, and are not readily available remotely. Plaintiff RPH states that most, if not all, of its relevant evidence, including documents relating to

7

marketing and sales, is located in Plano, Texas.  Additionally, Plaintiffs' other documents and witnesses are located in Los Angeles, which this Court has addressed as similarly convenient to both Seattle and Marshall.  Given that the alleged infringer's proof is particularly important, and a majority of such proof is located in Washington, the Court finds this factor weighs in favor of transfer.

### iii.  Availability of Compulsory Process

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses.  A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not.  *Volkswagen II*, 545 F.3d at 316.  Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse.  *Id.*

Here, Plaintiffs have identified a number of third-party witnesses to be called from Texas including Defendant's Texas-based customers and two prior-art witnesses.  Defendant has failed to identify any third-party witness located in Washington.  Accordingly, the Court finds this factor weighs against transfer.

### iv.  Other Practical Problems

Neither party has pointed out other practical problems that would move this transfer analysis for or against transfer.  Accordingly, this factor is neutral.

### d.  Public Interest Factors

### i.  Local Interest

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004).  Communities have the right to

adjudicate disputes involving "several individuals" who have had their "work and reputation" called into question "and who presumably conduct business in that community." *Hoffman-La Roche*, 587 F.3d at 1336. Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

Defendant argues that Texas has no real interest in adjudicating a dispute between two Bermuda companies, a company with an office in Texas, and a company with an office in Seattle. Plaintiffs argue that because infringement occurs nationwide that there is a local interest in the controversy in the EDTX. However, as stated in *Volkswagen II*, interests that could apply in virtually any district, like the sale of infringing products, are disregarded. *Volkswagen II*, 545 F.3d at 318. While Defendant's office is located in Washington, Plaintiff RPH has an office located within the EDTX. Thus, citizens of the EDTX have an interest in adjudicating this dispute, as do the citizens of the WDWA. Therefore, the Court finds this factor is neutral.

### ii. Court Congestion

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. *Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.*

The parties provide the Court with differing statistics regarding applicable judicial caseload profiles for both districts. According to Defendant's statistics regarding the EDTX, a civil case may be disposed of within 9.5 months and may go to trial within 24 months. By comparison in the WDWA, a civil case may be disposed of within 7.3 months and may go to trial

in 19 months.  Plaintiffs dispute these numbers, claiming the EDTX is more efficient than the WDWA in handling patent cases.  Plaintiffs focus their statistics on patent litigation for both districts, stating that, from 2000 to 2010, the EDTX handled three times as many patent cases than the WDWA yet time to trial in the EDTX was 2.13 years, versus 2.19 years in the WDWA.

The Court gives little weight to this factor, given its speculative nature, but agrees with Plaintiffs that the EDTX may be more prompt and efficient at handling patent cases. Accordingly, this factor weighs slightly in favor of transfer.

### iii.  Familiarity with Governing Law

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case."  *Volkswagen I*, 371 F.3d at 203.  Plaintiffs argue that the EDTX is better suited to decide this suit because of its high volume of patent infringement cases and its recent selection to participate in a pilot project designed to enhance expertise in patent cases.  However, the Court finds that both districts are equally well-suited to decide this case.  This factor is neutral.

### iv.  Avoidance of Conflict of Laws

Neither party raises an issue with regarding to avoidance of conflict of laws. Accordingly, this factor is neutral.

## IV.   CONCLUSION

Considering all of the "private" and "public" interest factors, Defendant has not shown that the Western District of Washington is "clearly more convenient" than the Eastern District of Texas.  While the Court finds that two of the § 1404(a) factors weigh in favor of transfer, the Court finds that two factors weighs against transfer and all other factors are neutral.   The result fails to establish that the WDWA is "clearly more convenient" than the EDTX.  This Court's analysis of the venue factors results in essentially a tie.  While a tie may go to the runner in

baseball, it goes to the Respondent under the venue analysis.  Movant has not met its burden to justify transfer of this case.  As such, Defendant's Motion to Transfer Venue is DENIED.

**So ORDERED and SIGNED this 23rd day of April, 2012.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE